UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH D. SAVAGE,

     Plaintiff,

                                    Case No. 23-cv-12445

v.                                Hon. Matthew F. Leitman

SUVARIA, *et al.*,

     Defendants.

_____/

## ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED OBJECTIONS AND REQUEST FOR JUDICIAL NOTICE (ECF No. 29); (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 28);  (3) ADOPTING IN PART THE RECOMMENDED DISPOSTION OF THE REPORT AND RECOMMENDATION (ECF No. 27); AND (4) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 17)

In this action, Plaintiff Kenneth D. Savage alleges that four officers employed by the City of Sterling Heights Police Department violated his rights under the Second, Fourth, and Fourteenth Amendments. (*See* Compl., ECF No. 1.)  Defendants have filed a motion to dismiss all of Savage's claims. (*See* Mot., ECF No. 17.)  On September 15, 2025, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant Defendants' motion (the "R&R"). (*See* R&R, ECF No. 27.)  Savage has now filed timely objections to the R&R. (*See* Objs., ECF No. 28.)  He has also filed a motion for leave

to file amended objections and a request that the Court take judicial notice of certain facts. (*See* Mot., ECF No. 29).

For the reasons explained below, the Court rules as follows:

- The Court **GRANTS** Savage's motion for leave to file amended objections (ECF No. 29) insofar as it seeks permission to amend his objections and **DENIES** the motion insofar as it asks the Court to take judicial notice of certain facts.

- The Court **SUSTAINS** the portion of Savage's objections in which he contends that the Court should not dismiss his claim that Defendants Eni Suvaria and Aron May violated his Fourth Amendment rights when they failed to bring him before a judicial officer within 48 hours of his arrest. (*See* Objs., ECF No. 28.)  The Court **OVERRULES** the remainder of Savage's objections.

- The Court **ADOPTS IN PART** the disposition recommended in the R&R (ECF No. 27).

- The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss as set forth below (ECF No. 17).

As a result of these rulings, a single claim will remain pending in this action: Savage's claim that Defendants Suvaria and May, two Sterling Heights Police Officers, violated his right under the Fourth Amendment to be brought before a judicial officer within 48 hours of his arrest.

# I

## A

On September 27, 2023, Savage filed a *pro se* Complaint in this Court against Suvaria and May, Sterling Heights Police Chief Dale Dwojakowski, and "John

Doe," an unknown Sterling Heights Police Officer "Supervisor." (*See* Compl., ECF No. 1, PageID.2.)   Savage used a court-provided form for his Complaint. (*See generally id.*)

Savage included very few details in his Complaint.  He identified September 6, 2023, as the date of the events giving rise to his claims. (*See id.*, PageID.4.)  He said that the events occurred in Sterling Heights, Michigan. (*See id.*)   And he identified three of the Defendants against whom he was bringing his claims: May, Suvaria, and Dwojakowski. (*See id.*, PageID.2.)  But he omitted from his Complaint the page (of the standardized form he used) on which he should have listed the facts on which his claims were based.[1]

While he left out the page for the factual background of his claims, he did include a few facts in the section of the Complaint labeled "The Amount in Controversy."  There, he said:

> I lost several Electrical Contracts and a complete commercial buildout for a provisioning center due to a no call no show for over 48 hours, because I had been DETAINED by (3) alleged Sterling Heights Police Officers and transported to the Macomb County Jail to never see a judge or be given a bond. The pending calculation of losses suffered to determine a dollar amount in losses are in excess of $250,000.

---

[1] The standard form Savage used for his Complaint includes a notation at the bottom of each page indicating that the form is a total of six pages. (*See* Compl., ECF No. 1.)  Page "5 of 6" is missing from the form Savage filed with the Court. (*See id.*)

(*Id.*, PageID.4.)  While he identified alleged monetary losses of more than $250,000, he did not mention or request any type of injunctive or declaratory relief. (*See id.*)

And in the section of the Complaint directing him to identify the jurisdictional basis for his claims, Savage wrote the following:

> Section 1983 of the Civil Rights Act; false arrest, Malicious prosecution. 4th and 14th Amendment unreasonable search and seizure and RACIAL PROFILING. The second Amendment right to bear arms INWHICH the Supreme Court Ruled on June 23rd of 2022 and decision 6 to 3 upholding that gun owners have the 2nd Amendment right to bear arms in the Public.

(*Id.*, PageID.3.)

Suvaria, May, and Dwojakowski filed their Answer to the Complaint on November 17, 2023. (*See* Ans., ECF No. 9.)

The Court thereafter referred this case to the assigned Magistrate Judge to conduct all pretrial proceedings. (*See* Order, ECF No. 6.)

**B**

As the case progressed, the Magistrate Judge gave Savage several opportunities to amend his Complaint.  First, at a status conference on May 14, 2024, the Magistrate Judge gave Savage until May 24, 2024, to file a motion for leave to amend his Complaint and a copy of a proposed Amended Complaint. (*See* Dkt. Entry of 05/14/2024.)  Savage did not file a motion or a proposed Amended Complaint by that deadline.

Second, "[p]ursuant to a request from [Savage]," the Magistrate Judge later extended the deadline for Savage to file a motion for leave to amend his Complaint and a proposed Amended Complaint until June 11, 2024. (*See* Dkt. Entry of 05/28/2024.) Savage did not file a motion or a proposed Amended Complaint by the June 11 deadline.

After that deadline passed with no effort by Savage to amend his pleading, on August 6, 2024, the Magistrate Judge entered an order staying the case. (*See* Stay Order, ECF No. 15.) The Magistrate Judge did so because Savage was facing a criminal trial in state court on charges arising out of the September 6, 2023, events, and the parties agreed that a stay was "proper" because the outcome of those criminal proceedings could have impacted the viability of Savage's claims here. (Dkt. Entry of 08/02/2024.)

In early April of 2025, the parties notified the Magistrate Judge that the state criminal trial "had recently concluded and had resulted in [Savage's] conviction." (Dkt. Entry of 04/02/2025.) More specifically, Savage was convicted of carrying a concealed weapon, a felony offense. (*See* State Court Dkt. Sheet, ECF No. 17-3, PageID.73.) Based on the conclusion of Savage's criminal proceedings, the Magistrate Judge lifted the stay in this case. (*See* Dkt. Entry of 04/02/2025.)

Finally, at the same time that the Magistrate Judge lifted the stay, he granted Savage over 30 days to file any motion that he "deem[ed] appropriate," including a

5

motion for leave to file an Amended Complaint. (*Id*.)[2]  Savage again failed to file such a motion and/or to present a proposed Amended Complaint to the Magistrate Judge.

C

On May 14, 2025, the Defendants filed a motion to dismiss. (*See* Mot., ECF No. 17.)  In that motion, they argued that Savage's claims failed for two reasons. First, they contended that the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384 (2007), because (1) Savage was found guilty of carrying a concealed weapon on September 6, 2023, (2) he had not obtained relief from that conviction, and (3) success on his present claims would "impugn" his conviction. (*See id.*, PageID.49-50.)  Second, they argued that Savage had failed to comply with the basic pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. (*See id.*, PageID.50-54.)

Because Savage pleaded so few facts in his Complaint, the Defendants set forth in their motion what they believed to be the series of events underlying his claims. (*See id.*, PageID.45-46.)  As support for their description of the facts, the Defendants cited to and relied upon a Sterling Heights Police Department Field Case Report from the September 6, 2023, incident. (*See* Rpt., ECF No. 17-2.)

---

[2] The Magistrate Judge likewise granted the Defendants an opportunity to file additional motions. (*See* Dkt. Entry of 04/02/2025.)

Shortly after the Defendants filed their motion to dismiss, the Magistrate Judge ordered Savage to respond to the motion by no later than June 6, 2025. (*See* Order, ECF No. 18.)  Savage failed to file a response or to request additional time to file a response by that deadline.

The Magistrate Judge then entered an order directing Savage to show cause by July 8, 2025, as to why the Magistrate Judge should not recommend that the motion to dismiss be granted. (*See* Order, ECF No. 19.)  Savage missed that deadline too.

At a status conference on July 15, 2025, the Magistrate Judge gave Savage one final chance to respond to the motion to dismiss, ordering him to file a response by July 29, 2025. (*See* Dkt. Entry of 07/15/2025.)

On July 30, 2025, Savage filed his response to the motion to dismiss. (*See* Resp., ECF No. 22.)  Even though Savage had missed the three deadlines set by the Magistrate Judge to seek leave to amend his Complaint, and even though he had not been granted leave to amend, he attached an Amended Complaint to his response. (*See* "First Amended Complaint and Jury Demand," ECF No. 22-1.)  He then argued that that amended pleading plausibly alleged sufficient facts to support all of his claims. (*See* Resp., ECF No. 22, PageID.86-87.)  He next contended that "the *Heck* bar does not apply to [his] requests for declaratory and injunctive relief." (*Id.*, PageID.86.)  Those requests were in the Amended Complaint that he attached to his

response, but, as noted above, they were not included in his original Complaint. (*See* First Am. Compl., ECF No. 22-1, PageID.90, 92.)

After Defendants filed their reply in further support of their motion to dismiss, Savage filed a motion for leave to file a sur-reply and attached to that motion a Second Amended Complaint (*see* Sec. Am. Compl., ECF No. 26-4, PageID.113-115) – an amended pleading that he had not been granted leave to file.

## D

The Magistrate Judge issued his R&R addressing Defendants' motion to dismiss on September 15, 2025. (*See* R&R, ECF No. 27.)  The Magistrate Judge first noted that Savage's Complaint "contains few specifics." (*Id.*, PageID.117.)   The Magistrate Judge then acknowledged that Savage had attached an Amended Complaint to his response to the motion to dismiss and a Second Amended Complaint to his motion for leave to file a sur-reply (*see id*. at n.5, PageID.126-127), but the Magistrate Judge declined to consider those amended pleadings for several reasons:

> Finally, the Court must address the "First Amended Complaint and Jury Demand" attached to Savage's response to Defendants' motion to dismiss, as well as Savage's recently-filed request for "nunc pro tunc leave" to file a Second Amended Complaint. (ECF Nos. 22-1, 26). Savage's proposed first amended complaint, which purports to add four new defendants, plus ten John/Jane Doe defendants, and asserts many of the same invalid claims addressed above, need not be substantively addressed by the Court. To begin with, Savage filed his

first purported amended complaint without leave of court, in violation of Fed. R. Civ. P. 15(a). And, although Savage did file a motion for leave to amend with respect to a purported second amended complaint (ECF No. 26), it, like the first, is way too late and lacking in detail. The Court previously gave Savage *multiple* opportunities to timely and appropriately amend his complaint to more properly and sufficiently plead his claims, but he repeatedly failed to do so. For example, during a May 14, 2024 telephonic status conference, the Court granted Savage's request for ten days to amend his complaint, indicating in a minute entry that he had "until May 24, 2024, to file a motion for leave to amend, along with a copy of his proposed amended complaint." (5/14/2024 Minute Entry). When Savage asked for an additional extension of time, it was granted; he was permitted to file a motion for leave to amend, along with a copy of the proposed amended complaint, by June 11, 2024. (5/28/2024 Text-Only Entry). Again, however, no such motion was timely filed. Subsequently, when a telephonic conference was held on April 2, 2025 – during which lifting the stay that had been in place was discussed – Savage *again* indicated a desire to amend his complaint. Thus, in a minute entry from the same day, the Court ordered the parties to "file motions as they deem appropriate" "by May 14, 2025." (4/2/2025 Minute Entry). Defendants proceeded to timely file their motion to dismiss; once again, though, Savage failed to move for leave to amend. Indeed, his instant motion for leave was not filed until September 4, 2025, almost four months after the deadline. And again, while it is not even clear whether Savage attached the proposed second amended complaint to his motion, or merely referred to it with his "Redline Comparison" (ECF No. 26-4), what is clear is that Savage mostly reiterates the same invalid claims discussed above, and the others – such as his "Monell" claim that rests entirely on the conclusory assertion that Savage's "Constitutional injuries resulted from Sterling Heights and Macomb County policies, customs and failure to train" (ECF No. 26-4, PageID.115) – are unsupported by any

9

> factual allegations whatsoever. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. At this stage of the proceedings, then, Savage's extremely belated attempts to amend his complaint are too little too late. Defendants have a right to the prompt resolution of Savage's claims against them, and while the Court has been more than generous in affording Savage multiple opportunities to move for leave to amend his complaint, he has repeatedly failed to do so. Thus, Savage's nunc pro tunc motion for leave to file a second amended complaint **(ECF No. 26)** is **DENIED**.

(*Id.*) (Emphases in original.)

The Magistrate Judge then proceeded to analyze the (few) allegations and claims in Savage's Complaint.  He noted that Savage "does allege that, on September 6, 2023, he was 'detained' on Mound Road in Sterling Heights, Michigan and transported to the Macomb County Jail, where he was held for more than 48 hours." (*Id.*, PageID.117.)  But since Savage did not allege many other facts, the Magistrate Judge incorporated into the R&R the factual background provided in the Defendants' motion – the background that Defendants gleaned from the Sterling Heights Police Department Field Case Report. (*See id.*, PageID.117-118.)  The Magistrate Judge deemed it appropriate to accept the facts as set forth in that report because, in his view, the report was "central to the [C]omplaint." (*Id.* at n.2, PageID.117)

After setting forth the factual background from the report, the Magistrate Judge identified the claims that he believed Savage had asserted in the Complaint:

"malicious prosecution, false arrest, unreasonable search and seizure under the Fourth and Fourteenth Amendments, racial profiling, and violation of the Second Amendment." (*Id.*, PageID.121.)  The Magistrate Judge recommended dismissing all of those claims. (*See id.*, PageID.127.)

First, he agreed with the Defendants that all of Savage's claims are barred by *Heck* and *Wallace*. (*See id.*, PageID.121-126.)  He explained:

> In *Heck*, the United States Supreme Court held that for a state prisoner to be eligible for relief due to an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The reason for such a requirement is that it "avoids parallel litigation over the issues of probable cause and guilt … and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* (internal quotation marks omitted). Indeed, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.* at 484 (internal quotation marks omitted). Thus, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

(*Id.*, PageID.122-123.) After noting that "Savage does not assert that his conviction on the underlying criminal charge has been terminated in his favor," the Magistrate concluded that the *Heck/Wallace* rule barred Savage's "malicious prosecution, false arrest, unlawful search and seizure, and racial profiling claims" because success on each of those claims "would clearly call into question the validity of [Savage's] criminal conviction[]." (*Id.*, PageID.123-125 (collecting cases)). The Magistrate Judge further determined that the *Heck/Wallace* rule also barred Savage's Second Amendment claim because success on that claim would likewise impugn the validity of his conviction.[3] (*See id.*, PageID.126.)

At the conclusion of the R&R, the Magistrate Judge notified the parties that they had 14 days to file objections. (*See id.*, PageID.128.) Savage filed both objections to the R&R and a motion to file amended objections, and the Court discusses those objections in greater detail below.

## II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).

---

[3] The Magistrate Judge concluded that Savage's Second Amendment claim also failed on the merits because the statute under which he was convicted does not violate the Second Amendment. (*See* R&R, ECF No. 27, PageID.126.)

12

The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III

Savage has filed two sets of objections to the R&R. (*See* Objs., ECF Nos. 28, 29.)[4]  Notably, he does not object to the Magistrate Judge's order denying him leave to file an Amended Complaint (or a Second Amended Complaint) in either set of objections.  Thus, when ruling on Savage's objections, the Court will not consider any of the allegations in Savage's proposed Amended Complaint or in his proposed Second Amended Complaint.

In total, Savage puts forth seven objections to the R&R. (*See id.*)  The Court addresses each of Savage's objections in turn below.

---

[4] Savage filed an initial set of objections (ECF No. 28) and a second filing titled "Plaintiff's Motion for Leave to File Corrected Objections Nunc Pro Tunc; Notice of Corrected Objections; Request for Judicial Notice; and Supplemental Brief" (ECF No. 29).  The Court **GRANTS** that motion insofar as Savage purports to amend his objections.  However, the Court does not believe Savage's proposed amendments advance any new arguments that are substantively responsive to the R&R.  His amended objections therefore do not affect the Court's analysis here.  The Court **DENIES** Savage's request in the motion that the Court take judicial notice of certain facts.  Those proposed facts are not relevant to the Court's review of the R&R.

## A

First, Savage objects that "[t]he R&R improperly relies on disputed police-report narratives at Rule 12(b)(6)." (Objs., ECF No. 28, PageID.129.)[5]   Savage is not entitled to relief on this objection because the Magistrate Judge's legal analysis and recommended disposition did not rest on any of the facts that he recited from the police report.  The Magistrate Judge's conclusion that Savage's claims are barred by *Heck/Wallace* rests only on (1) the fact of Savage's conviction, which he does not dispute, and (2) the elements of the claims Savage has asserted. (*See* R&R, ECF No. 27, PageID.123.)  Similarly, none of the additional reasons the Magistrate Judge gave for rejecting Savage's Second Amendment claim rely on facts from the police report.  The Court therefore **OVERRULES** Savage's first objection.

## B

Second, Savage objects that "[t]he R&R acknowledges a more-than-48-hour detention but fails to adjudicate the *Gerstein/McLaughlin* prompt-probable-cause

---

[5] Savage also objects that the R&R "proceeds without the ordered video evidence." (Objs., ECF No. 28, PageID.130.)   Savage is referring to the Defendants' Ex Parte Motion for Leave to File Media Files with the Court (ECF No. 23) and the Magistrate Judge's corresponding Order (ECF No. 24) granting that motion.  The Magistrate Judge's Order is permissive, not compulsory, and does not require Defendants to file video evidence to support their motion to dismiss.  Savage cites no law explaining why proceeding without video evidence at this stage is inappropriate.  The Court therefore **OVERRULES** his first objection on this point.

claim, which is not *Heck*-barred." (Objs., ECF No. 28, PageID.130.)   The Court

concludes that Savage is entitled to relief based on this objection.

The Court begins with this question: what is a *Gerstein/McLaughlin* prompt-

probable-cause claim?  As its name suggests, it is a claim that emanates from the

decisions of the Supreme Court in *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County*

*of Riverside v. McLaughlin*, 500 U.S. 44 (1991).[6]  In *Gerstein*, the Supreme Court

held that the Fourth Amendment requires States to "provide a fair and reliable

determination of probable cause as a condition for any significant pretrial restraint

of liberty, and this determination must be made by a judicial officer either before or

promptly after arrest." *Gerstein*, 420 U.S. at 125.  In *McLaughlin*, the Supreme Court

then addressed this question: "what is 'prompt' under *Gerstein*[?]" *Cnty. of*

*Riverside*, 500 U.S. at 55.  The Court's answer: "judicial determinations of probable

cause within 48 hours of arrest will, as a general matter, comply with the promptness

requirement of *Gerstein*." *Id.* at 56.  The Court then added that:

> Where an arrested individual does not receive a probable
> cause determination within 48 hours, the calculus changes.
> In such a case, the arrested individual does not bear the
> burden of proving an unreasonable delay. Rather, the
> burden shifts to the government to demonstrate the
> existence of a bona fide emergency or other extraordinary
> circumstance.

---

[6] The Court uses the term "*Gerstein/McLaughlin* claim" because Savage refers to
the *County of Riverside* case as "*McLaughlin*."  Many judicial decisions refer to the
decision in *Cnty. of Riverside v. McLaughlin* as "*County of Riverside*."

*Id.* at 57.  Given the holdings of *Gerstein* and *McLaughlin*, the Court concludes that a *Gerstein/McLaughlin* claim is one in which the plaintiff alleges that he was detained more than 48 hours without a probable cause determination by a judicial officer.

The next question is: did Savage assert a plausible *Gerstein*/*McLaughlin* claim in his Complaint?  While the question is a close one, the Court concludes, after construing Savage's *pro se* Complaint liberally (as it must), that the Complaint does plausibly assert such a claim against Officers Suvaria and May.  Savage pleads the essential facts underlying the claim: that he was "DETAINED" by those officers (whom he identifies as the driver and passenger in the police patrol car that stopped him), that Suvaria and May then "transported [him] to the Macomb County Jail," that he "never" saw a "judge" and was not given a "bond," and that this detention spanned a period of at least "48 hours" during which he could not go to or call his workplace. (Compl., ECF No. 1, PageID.2, 4.)  Elsewhere in his Complaint, he says that his claims arise under, among other sources of law, the "4th and 14th Amendment." (*Id.*, PageID.3.)   Those contentions set forth a plausible *Gerstein*/*McLaughlin* claim against Suvaria and May. *See Drogosch v. Metcalf*, 557 F.3d 372, 379 (6th Cir. 2009).[7]   However, Savage has not stated a viable

---

[7] The Court expresses no opinion as to whether Suvaria and May have a viable qualified immunity defense to the claim because that issue is not before the Court.

*Gerstein*/*McLaughlin* claim against Dwojakowski because Savage does not plausibly allege any connection between Dwojakowski and his allegedly unlawful detention.

Finally, the Court must answer this question: is Savage's *Gerstein*/*McLaughlin* claim against Suvaria and May barred by *Heck*/*Wallace*? The Court concludes it is not. The claim is "unaffected" by *Heck* and *Wallace* because the alleged violation of Savage's right under *Gerstein* and *McLaughlin* to a prompt probable cause determination has no effect on the validity of his conviction, and thus, success on his *Gerstein/McLaughlin* claim here would not impugn that conviction. *See Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (holding that *Heck* did not bar *Gerstein/McLaughlin* claim under similar circumstances); *Cox v. City of Jackson, Tennessee*, 811 F. App'x 284, 291 (6th Cir. 2020) (same); *Buckenberger v. Reed*, 342 F. App'x 58, 63 (5th Cir. 2009) (same).

Because the Court finds that a liberal reading of Savage's Complaint discloses a plausible Fourth Amendment violation under *Gerstein*/*McLaughlin* against Suvaria and May, and because that claim would not be barred by *Heck*/*Wallace*, the Court **SUSTAINS** Savage's second objection. Savage should be permitted to proceed to discovery on his *Gerstein*/*McLaughlin* claim against Suvaria and May.[8]

---

[8] The Defendants did not acknowledge or attack Savage's *Gerstein*/*McLaughlin* claim in their motion to dismiss, and the Magistrate Judge likewise did not analyze the claim in the R&R. (*See generally* ECF Nos. 17, 27.) That is understandable

## C

Savage's third objection attacks the R&R's conclusion that *Heck*/*Wallace* bars his claims for malicious prosecution, false arrest, unreasonable search and seizure, and racial profiling. (*See* Objs., ECF No. 28, PageID.130-131; R&R, ECF No. 27, PageID.121-125.) Savage offers no basis for disturbing that determination. Indeed, while he proclaims that the Magistrate Judge erred in concluding that success on his claims would impugn his criminal conviction, he offers no explanation as to *how* the Magistrate Judge erred, nor does he attempt to explain why success on any of his claims would not impugn his criminal conviction.

But the Court need not reach the question of whether *Heck*/*Wallace* bars Savage's claims for malicious prosecution, false arrest, unreasonable search and seizure, and racial profiling because those claims all fail on their face for reasons other than *Heck*/*Wallace*. The sparse factual allegations in the Complaint, even when liberally construed, are not nearly sufficient to state plausible claims for malicious prosecution, false arrest, unreasonable search and seizure, and racial profiling. Since those claims are not plausibly alleged, Savage would not be entitled

---

because the claim was not set forth as clearly as it could have been. But now that the Court has conducted its own independent review of the claim and found it to be both plausible and not barred by *Heck*/*Wallace*, the Court declines to permit Defendants to now file a motion to dismiss the claim on the basis that the claim is not plausible.

to pursue them even if his objection to the Magistrate Judge's *Heck*/*Wallace* analysis had merit.  For these reasons, the Court **OVERRULES** Savage's third objection.

**D**

Savage's fourth objection is that "[t]he R&R credits a voluntary-exit and admissions narrative contradicted by Plaintiff's allegations and the missing video; it dismisses the Second Amendment claim on disputed facts." (Objs., ECF No. 28, PageID.131.)  For the same reasons that the Court overruled Savage's first objection, the Court **OVERRULES** this objection too.  The Magistrate Judge did not rely on the "narrative" mentioned by Savage (or on any disputed facts) in recommending that Savage's claims be dismissed.

**E**

Fifth, Savage objects that "[t]he R&R fails to address" his claim that the criminal complaint against him in state court was not valid because it was not signed under oath. (*Id.*, PageID.131-132.)  But the Complaint in this action does not contain any allegation contesting the validity of the criminal complaint on the basis that it was not signed under oath.  And, in any event, if the Complaint here did assert a claim challenging the validity of the criminal complaint, such a claim would be barred by *Heck*/*Wallace* because success on the claim would impugn Savage's criminal conviction.

The Court therefore **OVERRULES** Savage's fifth objection.

**F**

Sixth, Savage objects to the Magistrate Judge's conclusion that his Second Amendment claim fails on the merits. (*See* Objs., ECF No. 28, PageID.132.)  Savage is not entitled to relief on this objection because even if his Second Amendment claim did not fail on the merits, it would be barred by *Heck*/*Wallace*.  The claim rests on his contention that the statute under which he was convicted violates the Second Amendment.   Because success on that claim would obviously impugn his conviction, *Heck*/*Wallace* precludes Savage from proceeding with the claim. *See Green v. Grampre*, 388 F. App'x 437, 438 (5th Cir. 2010) ("To the extent that Green seeks to challenge the constitutionality of the Texas statutes under which he was convicted, his claims amount to an attack on his conviction" and "are therefore barred under *Heck*."); *Goodwin v. Weiser*, No. 20-1448, 2021 WL 5231962, at *1 (10th Cir. Nov. 10, 2021) ("Plaintiff's attack on the constitutionality of the marijuana statute necessarily attacks the constitutionality of his conviction and thus the validity of the state court conviction for which he is confined."); *Small v. Florida Legis.*, No. 4:20-cv-00499, 2020 WL 7481309, at *3 (N.D. Fla. Nov. 25, 2020) ("[T]o the extent Plaintiff is challenging the constitutionality of his conviction, such claims are not cognizable in a Section 1983 action."); *Pearson v. Holder*, No. 3:09-CV-00682, 2011 WL 13185719, at *5-6 (N.D. Tex. Apr. 29, 2011) (concluding that plaintiff's challenges to the constitutionality of sex offender registration requirements are

barred by *Heck*); *Green v. Cox*, No. 1:08-CV-432, 2008 WL 4136145, at *3 (W.D. Mich. Sept. 3, 2008) ("Plaintiff's action is *Heck*-barred" because his "claim that Michigan's first-degree murder statute is unconstitutionally vague necessarily calls into question the validity of his criminal conviction").

Savage counters that *Heck*/*Wallace* does not bar his Second Amendment claim to the extent that the claim seeks forward-looking relief such as an injunction or declaratory judgment. (*See* Resp., ECF No. 22, PageID.86.)  But Savage did not seek any such relief in his Complaint.  While the preprinted title of that pleading is "Complaint and Request for Injunctive Relief," (Compl., ECF No. 1, PageID.1), Savage never asks for (or even mentions) any injunctive or declaratory relief in the body of that pleading.  He does not ask the Court to enjoin or declare anything.  Thus, he may not avoid the *Heck*/*Wallace* bar on the basis that his Second Amendment claim seeks forward-looking relief.  For these reasons, the Court **OVERRULES** Savage's sixth objection.

## G

Finally, Savage objects that his "[e]qual protection and record-integrity claims (false race coding; report proofreading) claims were dismissed without analysis though they do not impugn the conviction." (Objs., ECF No. 28, PageID.133.)  But these claims, too, were not included in the Complaint.  Thus, the Magistrate Judge

did not err in declining to address them. The Court therefore **OVERRULES** Savage's seventh objection.

**IV**

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

(1) Savage's Amended Motion for Leave to File Corrected Objections (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** only to allow Savage to amend his objections and **DENIED** as to Savage's request that the Court take judicial notice of particular facts;

(2) Savage's second objection (ECF No. 28) to the R&R is **SUSTAINED**. The rest of Savage's objections to the R&R are **OVERRULED**;

(3) The recommended disposition of the R&R (ECF No. 27) is **ADOPTED IN PART**; and

(4) Defendants' motion to dismiss (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss is **DENIED** only as to Savage's Fourth Amendment *Gerstein*/*McLaughlin* claim against Defendants May and Suvaria and **GRANTED** as to all of Savage's other claims.

In light of these rulings, the only claim that remains alive in this action is Savage's claim that May and Suvaria violated his right under the Fourth Amendment to be brought before a judicial officer within 48 hours of his arrest (his

*Gerstein*/*McLaughlin* claim).   He may proceed to discovery on that claim on a schedule to be set by the Magistrate Judge.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126