UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH D. SAVAGE,

    Plaintiff,

v.

                         Case No. 23-cv-12445
                         Hon. Matthew F. Leitman

SUVARIA, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 32)

On December 17, 2025, the Court entered an order dismissing all of Plaintiff Kenneth D. Savage's claims except for his "*Gerstein/McLaughlin*" claim against Defendants Eni Suvaria and Aron May. (*See* Order, ECF No. 30.)  May and Suvaria have filed a motion for reconsideration in which they ask the Court to dismiss the *Gerstein/McLaughlin* claim against them. (*See* Mot., ECF No. 32.)  They say that they were not aware that Savage asserted such a claim against them in the Complaint and that they would have moved to dismiss the claim if they knew that Savage had done so. (*See id.*, PageID.197.)  In their motion, they present their arguments as to why, in their view, the claim is not plausible and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See generally id.*)  (They do not claim that they are entitled to qualified immunity.)  The motion is **DENIED**.

As an initial matter, the Court does not fault Suvaria and May for not attacking the *Gerstein*/*McLaughlin* claim in their earlier motion to dismiss. As the Court previously acknowledged, Savage did not plead that claim as clearly as he could have. The Court has therefore reviewed Defendants' and Savage's arguments de novo – rather than under the more restrictive standard that governs motions for reconsideration.

The Court declines to dismiss the *Gerstein*/*McLaughlin* claim at this stage for two reasons. First, the Court concludes that Suvaria's and May's arguments for dismissal are most appropriately addressed following discovery at the summary judgment stage of the proceedings because the arguments rely on materials that are not mentioned in or attached to Savage's Complaint – including a police report and a body camera recording. The Court acknowledges that in some limited instances, it may consider materials outside of the Complaint in ruling on a motion to dismiss. But even if the Court could consider the materials relied upon by Suvaria and May here – a question the Court does not decide – the Court would still deny their motion to dismiss because it is not yet clear to the Court that the motion may be resolved on those materials alone. It seems that policies and procedures followed by the jail, the prosecuting attorney's office, the local state court, and the police department for which Suvaria and May work could also have some potential relevance.

2

Second (and more importantly), Suvaria and May have not yet persuaded the Court that Savage's claim fails on the merits. Suvaria and May argue that as a matter of law they may not be held liable on the *Gerstein*/*McLaughlin* claim because they had custody of Savage for less than two hours and delivered Savage to the Macomb County Jail. (*See id.*, PageID.198-202.) They argue that, at that point, the jailers and others assumed responsibility for bringing Savage before a judicial officer within 48 hours. (*See id.*) In support of that argument, they rely on the Sixth Circuit's unpublished decisions in *Rayfield v. City of Grand Rapids*, 768 F. App'x 495 (6th Cir. 2019) and *B. R. v. McGivern*, 714 F. App'x 528 (6th Cir. 2017). (*See id.*) The Court is not yet persuaded that either of these decisions is fatal to Savage's *Gerstein*/*McLaughlin* claim. At least two published decisions of the Sixth Circuit point the other way at least to some degree and appear to suggest that the claim is plausible. *See Drogosch v. Metcalf*, 557 F.3d 372, 378–79 (6th Cir. 2009) (explaining that for purposes of a *Gerstein*/*McLaughlin* claim, a federal court looks to state law to determine who is responsible for ensuring that an person arrested without a warrant receives a probable cause determination from a judicial officer within 48 hours and that under Michigan law, a law enforcement officer who makes a warrantless arrest bears that responsibility; rejecting defendant's argument that claim failed because it was "the responsibility of the jail deputies to physically bring him before a judge"); *Brown v. Knapp*, 75 F.4th 638, 650–51 and n. 4 (6th Cir. 2023)

(explaining that two police-officer defendants, named Willoughby and Knapp, could be held liable under a *Gerstein*/*McLaughlin* claim where they arrested the plaintiff without a warrant and transported her to jail immediately thereafter). Moreover, the Sixth Circuit in *Rayfield* did not hold that the *Gerstein*/*McLaughlin* claim failed on the merits; instead, it held that the defendants were "entitled to qualified immunity" on the claim – an assertion Suvaria and May do not make here. *See Rayfield*, 768 F. App'x at 509–10. And the Sixth Circuit in *B. R.* did not consider or apply Michigan law concerning an arresting officer's duty to present an arrested suspect for a probable cause determination by a judicial officer. *See B. R.*, 714 F. App'x at 536.

For all of these reasons, the motion for reconsideration by Suvaria and May (ECF No. 32) is **DENIED**. The case shall proceed to discovery on Savage's *Gerstein*/*McLaughlin* claim. Suvaria and May may renew their attack on the *Gerstein*/*McLaughlin* claim at the summary judgment stage of these proceedings.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4